

MARK DAVID HUNTER, ESQUIRE
(ADMITTED NY, DC, AND FL)

E-MAIL: MHUNTER@HTFLAWYERS.COM

September 29, 2020

<u>Via CM/ECF</u>

Honorable Judge Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 24A
New York, New York 10007

Re:   *U.S. Securities and Exchange Commission v. Cecilia Millan, et al.*
      <u>**Case No. 1:20-cv-06575-CM**</u>

Dear Hon. Judge McMahon:

      Pursuant to the *Individual Practices and Procedures Chief Judge Colleen McMahon* V(H) and the Clerk's "Text Only Orders," Defendants Cecilia Millan ("**Ms. Millan**") and Margarita Cabrera ("**Ms. Cabrera**") respectfully request that this Court issue a stay of this proceeding pending the resolution of an active parallel criminal matter, *United States of American v. Cecilia Millan, et al.* (the "**Criminal Matter**"). *See* 1:20-cr-00398-GBD. In connection with such request, Ms. Millan and Ms. Cabrera respectfully state as follows:

<u>**Background**</u>

      On approximately August 18, 2020, Plaintiff Securities and Exchange Commission ("**Plaintiff**" or the "**SEC**") filed its Complaint (Docket Entry ("**D.E.**") 4 in this matter. On that same day, the United States, through the United States Attorney's Office for the Southern District of New York, unsealed its indictment against Ms. Millan in the Criminal Matter. Both this matter and the Criminal Matter address the same activities, wherein Ms. Millan allegedly solicited and raised funds from investors in AirBit Club ("**AirBit**"), a multi-level marketing program. The resulting civil and criminal charges in both matters arise from those alleged activities.

      Neither Ms. Millan nor Ms. Cabrera is still soliciting and raising funds from AirBit investors. Ms. Millan ceased such activities on approximately August 18, 2020, after her arrest in connection with the Criminal Matter. Ms. Cabrera ceased such activities on approximately August 18, 2020, when federal agents executed a Search and Seizure Warrant at her primary residence.

www.htflawyers.com | info@htflawyers.com

2 Alhambra Plaza, Suite 650 – Coral Gables, FL 33134 | **Office:** (305) 629-1180 | **Fax:** (305) 629-8099

Hon. Judge Colleen McMahon
September 29, 2020
Page 2 of 5

## This Court Should Stay This Proceeding as to Both Ms. Millan and Ms. Cabrera Pending the Resolution of Ms. Millan's Parallel Criminal Matter

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Utilizing that inherent power, courts "have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action, sometimes at the request of the prosecution, sometimes at the request of the defense." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970). While not compelled to do so, a court may exercise "its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions . . ." *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980).

In determining whether to stay a parallel civil proceeding, courts often consider:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Louis Vuitton*, 676 F.3d at 99. None of these factors are dispositive.

A.   Overlap of the Issues

The first factor for this Court to consider is the overlap of the issues in the criminal and civil cases. *See In re 650 Fifth Ave.*, No. 08-cv-10394, 2011 WL 3586169, at *3 (S.D.N.Y. Aug. 12, 2011) (The most important factor at the threshold is the degree to which the civil issues overlap with the criminal issues."). Where there is overlap, there is greater concern about self-incrimination. *See Dresser Indus., Inc.*, 628 F.2d at 1375. By contrast, if "there is no overlap, there would be no danger of self-incrimination and accordingly no need for a stay." *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995).

In this matter, the underlying conduct at issue is essentially the same. Although Plaintiff in this matter has charged Ms. Millan (as well as Ms. Cabrera) with acting as an unlicensed broker-dealer in violation of Section 15(a) of the Securities Exchange Act of 1934, while the United States has charged Ms. Millan with Wire Fraud Conspiracy and Conspiracy to Commit Money Laundering in the Criminal Matter, all such allegations and charges surround Ms. Millan's conduct while allegedly soliciting and raising funds from AirBit investors. Accordingly, fact discovery in this matter would naturally cause Ms. Millan to be in a position to

Hon. Judge Colleen McMahon
September 29, 2020
Page 3 of 5

potentially self-incriminate. The substantial similarity and overlap of the subject matter in the two proceedings strongly weigh in favor of granting a stay.

B.   The Status of the Case

The second factor to be considered is the status of the parallel criminal proceeding. The strongest argument for granting a stay is where a party is under criminal indictment. *See Louis Vuitton*, 676 F.3d at 101 (recognizing that indictment in parallel criminal proceeding "supported the entry of a stay"); *Trustees of Plumbers*, 886 F. Supp. at 1139 ("A stay of a civil case is most appropriate where a party of the civil case has already been indicted for the same conduct."); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993) ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same subject matter." (citations omitted)). Conversely, in a matter where "no indictment has been returned and no known investigation is underway, the case for a stay of discovery . . . is 'far weaker.'" Milton Pollack, *Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 204 (1990) (quoting *Dresser Indus., Inc.*, 628 F.2d at 1376).

As noted herein, Ms. Millan has been indicted. Accordingly, this factor weighs in favor of a stay of this proceeding pending the resolution of the Criminal Matter. *See Harris v. Nassau Cnty.*, No. 13-cv-4728, 2014 WL 3491286, at *3 (E.D.N.Y. July 11, 2014) ("The weight of authority in [the Second] Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment.") (internal quotation marks and citation omitted)).

C.   Plaintiff's Interests Balanced Against Defendants' Interests

The third and fourth factors look to the private interests of the plaintiff in proceeding expeditiously weighed against the prejudice to plaintiff caused by the delay, and balancing those interests against defendants' interests and burdens. Although Plaintiff will likely express interest in proceeding in this matter without a stay, those interests do not outweigh Ms. Millan's interest in avoiding the dilemma of being forced to either waive her Fifth Amendment rights or risk the finding of an adverse inference in this matter. *See Trustees of Plumbers*, 886 F. Supp. at 1140; *SEC v. Cymaticolor Corp.*, 106 F.R.D. 545, 549-50 (S.D.N.Y. 1985) (a defendant in an SEC/DOJ parallel proceeding who invokes her Fifth Amendment privilege against self-incrimination to cease pre-trial discovery may be prevented from presenting evidence at the time of trial, even if the SEC independently receives evidence comparable to that which defendant refused to provide); *see also SEC v. Treadway*, No. 04-cv-3464, 2005 WL 713826, at *2-*3 (S.D.N.Y. March 30, 2005). Ms. Millan's interests in avoiding such dilemma clearly outweigh any interest Plaintiff might articulate. *See SEC v. Google*, No. 3:95-cv-420, 1997 U.S. Dist. LEXIS 20878 (D. Conn. Apr. 30, 1997) (noting the SEC's various interests while holding preservation of defendant's privilege against self-incrimination a more important consideration than any inconvenience experienced by the SEC). Accordingly, these factors weigh in favor of a stay of this proceeding pending the resolution of the Criminal Matter.

www.htflawyers.com | info@htflawyers.com

2 Alhambra Plaza, Suite 650 – Coral Gables, FL 33134 | **Office:** (305) 629-1180 | **Fax:** (305) 629-8099

D.     Court's Interests

The fifth factor to consider is the interest of the court. In evaluating this factor, courts often look to the "convenience of the court in the management of its cases" as well as the "efficient use of judicial resources." *Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) (internal quotation marks and citations omitted); *see also Fendi Adele S.R.L. v. Ashley Reed Trading, Inc.*, No. 06-cv-243, 2006 WL 2585612, at *2 (S.D.N.Y. Sept. 8, 2006).

This Court is "likely to benefit to some extent from the [Criminal Matter] no matter its outcome." *See SEC v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11-cv-6500, 2012 WL 5505738, at *3 (S.D.N.Y. Nov. 9, 2012). For example, a stay of this matter while the Criminal Matter proceeds to its conclusion would avoid a duplication and waste of judicial time and resources. *See, e.g., SEC v. Gordon*, No. 09-cv-61, 2009 WL 2252119, at *5 (N.D. Okla. July 28, 2009) (staying civil action while parallel criminal case goes forward "would avoid a duplication of efforts and a waste of judicial time and resources."); *see also Javier H. v. Garcia-Botello*, 218 F.R.D 72, 75 (W.D.N.Y. 2003) ("By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination."); *see also SEC v. Alexander*, No. 10-cv-4535, 2010 WL 5388000, at *5 (N.D.C.A. Dec. 22, 2010) (noting that, at an early stage of the case, "a stay may prove the more efficient course."). Further, should the Criminal Matter be resolved, prospects for settlement in this matter may increase due to the difference in the standard of proof in the Criminal Matter and/or the resulting collateral estoppel or res judicata effect on all or some of the overlapping issues.

Staying this matter as to Ms. Millan is an appropriate method to preserve judicial time and resources. Moreover, although Ms. Cabrera is not a defendant in the Criminal Matter, staying this proceeding as to her as well will further preserve judicial time and resources by removing the possibility of this matter proceeding on two separate discovery schedules. *See Parker v. Dawson*, Nos. 06-cv-6191, 06-cv-6627, 07-cv-1268, 2007 WL 2462677, at *7 (E.D.N.Y. Aug. 27, 2007) (staying civil action against defendants not charged in parallel criminal action to avoid having to first conduct discovery without criminally charged defendants and then, upon resolution of the parallel criminal matter, conduct further discovery related to such criminally-charged defendants); *see also Trustees of Plumbers*, 886 F. Supp. at 1139 (staying action in its entirety where parallel criminal case was pending only against certain defendants in order to "avoid duplication of discovery efforts."). Granting a stay against the case proceeding against both Ms. Millan and Ms. Cabrera pending the resolution of the Criminal Matter will preserve judicial time and resources in the most efficient manner possible. Accordingly, this factor weighs in favor of a stay of this proceeding pending the resolution of the Criminal Matter. *See Volmar*, 152 F.R.D. at 42 (granting complete stay of civil proceedings pending outcome of parallel criminal prosecution in part to "avoid duplication of effort and unnecessary litigation costs").

Hon. Judge Colleen McMahon<br>
September 29, 2020<br>
Page 5 of 5

E.    <u>Public Interest</u>

The final factor to consider is the public interest. Although there is a strong public interest in proceeding with a parallel SEC civil case, some courts have reasoned that the criminal case is of primary importance to the public such that "the public's strongest interest is in ensuring the integrity of the criminal proceeding." *See Alexander*, 2010 WL 5388000, at *6 ("the Court does not believe that a stay will undermine the public's confidence in the SEC or the integrity of the securities markets . . . it is the public's interest in fair criminal proceedings that takes precedence."); *see also Parker v. Dawson*, No. 06-cv-6191, 06-cv-6627, 07-cv-1268, 2007 WL 2462677, at *7 (E.D.N.Y. Aug. 27, 2007) (granting motion to stay parallel civil action while noting that the public interest is served by allowing the parallel criminal prosecution to proceed and to "possibly provide some benefit to the prompt resolution of the civil actions."). Staying this matter pending the resolution of the Criminal Matter will serve the public interest by ensuring that the Criminal Matter proceeds fairly against Ms. Millan by not forcing her to either effectively waive her Fifth Amendment protection in the Criminal Matter or face an adverse inference herein that undermines her ability to defend this matter. The requested stay ensures the integrity of the criminal proceeding such that this factor weighs in favor of a stay of this proceeding pending the resolution of the Criminal Matter.

## Conclusion

The factors outlined by the Second Circuit overwhelmingly favor a stay in these circumstances. The substantial overlap between this matter and the Criminal Matter, the post-indictment status of the Criminal Matter, the balance of Plaintiff's interests versus Defendants' interests, this Court's interest in the efficient resolution of the two proceedings, and the strong public interest served all weigh in favor of a stay of this matter. Accordingly, Ms. Millan and Ms. Cabrera respectfully request that this Court issue a complete stay in this matter pending the resolution of the Criminal Matter, and further order the parties in this matter to jointly provide a status update to this Court within two weeks of the conclusion of the Criminal Matter.

                                                Sincerely,

                                                *Mark David Hunter*

                                                Mark David Hunter

cc:      All counsel of record (Via CM/ECF)